**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| KERMIT C. WOODS, § § Plaintiff. § § VS. § U.S. DEPARTMENT OF JUSTICE § FEDERAL BUREAU OF PRISONS, *et al.*, § § Defendants. § | CIVIL ACTION NO. 4:21-cv-00791 |

## **AMENDED MEMORANDUM AND RECOMMENDATION**

Plaintiff Kermit C. Woods ("Woods"), a former prisoner at the Federal Detention Center of Houston, brings this lawsuit against GEO Transport and the United States Department of Justice Federal Bureau of Prisons ("Federal Bureau of Prisons"). In his Complaint, Woods alleges that on June 13, 2018, "[a]s a result of [the] negligence of the employees of GEO Transport and the Federal Detention Center of Houston," he was severely injured after being "left in a van for 15 minutes without AC, as the temperature reached 170 degrees inside of the van." Dkt. 1 at 4. Woods claims that he "suffered from affixation and a small heat stroke" and that he "still suffer[s] from shortness of breath[]," "need[s] an inhaler," and "also suffer[s] from post[-]traumatic stress disorder from this extraordinary event." *Id.*

GEO Transport has filed a Motion for Summary Judgment, arguing that it should be dismissed from this lawsuit because: (1) Woods's claims are barred by the applicable statute of limitations; and (2) there is no evidence of causation. *See* Dkt. 15. I need only address the statute of limitations argument.

Summary judgment is granted when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Terrebonne Par. Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002) (citing Fed. R. Civ. P. 56(c)). Here, there is no question that the statute of limitations bars Woods from pursuing his personal injury claims.

In Texas, the general statute of limitations for personal injury claims is two years from the date the claim accrued. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a). Under Texas law, "a cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996).

The alleged incident at the center of this lawsuit—Woods being left unattended in a transport van—occurred on June 13, 2018. Since Woods expressly acknowledges that he was injured at that time, the statute of limitations for Woods's personal injury claims undoubtedly began to run on June 13, 2018. The two-year limitations period expired on June 13, 2020. Because Woods filed this lawsuit on March 10, 2021, almost nine months after the statute of limitations on his personal injury claims expired, his claims are barred by the two-year statute of limitations.[1] I thus recommend that GEO Transport's Motion for Summary Judgment be GRANTED.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have 14 days from receipt to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 9th day of August 2022.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[1] GEO Transport suggests that the Complaint could be interpreted as advancing a claim under 42 U.S.C. § 1983. Although I do not read Woods's lawsuit as asserting a § 1983 claim, the statute of limitations would also bar a § 1983 claim. This is because "[t]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state. . . . Since Texas has a two year statute of limitations for personal injury claims . . . [Woods] had two years to file suit from the date [his] claim accrued." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).