Case 4:21-cv-00791 Document 25 Filed on 08/22/22 in TXSD Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
August 22, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| KERMIT C. WOODS, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-cv-00791 |
| | § | |
| U.S. DEPARTMENT OF JUSTICE | § | |
| FEDERAL BUREAU OF PRISONS, | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND RECOMMENDATION/ORDER

A federal court is required to examine, *sua sponte* if necessary, the threshold question of whether it has subject-matter jurisdiction. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987) (a district court is duty-bound "to examine the basis of its jurisdiction, on its own motion, if necessary"). With that bedrock principle firmly in mind, I must examine whether I have subject-matter jurisdiction over the claims brought by Plaintiff Kermit C. Woods ("Woods") against the United States Department of Justice Federal Bureau of Prisons ("BOP").

Woods, a former inmate at the Federal Detention Center, brings negligence claims against GEO Transport and the BOP. Woods alleges that he suffered personal injuries after he was "left in a van for 15 minutes without AC, as the temperature reached 170 degrees inside of the van." Dkt. 1 at 4. I recently issued a Memorandum and Recommendation, recommending that the claims against GEO Transport be dismissed because they are barred by the statute of limitations. *See* Dkt. 23.

It is black-letter law that the United States is immune from tort suits, except to the extent that it waives that immunity. *See Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). One such waiver is the Federal Tort Claims Act ("FTCA"), which confers on federal courts exclusive jurisdiction of civil actions on claims

against the United States for money damages for personal injury caused by the negligent or wrongful acts or omissions of any federal employee while acting within the scope of his office or employment. 28 U.S.C. § 1346(b)(1).

Woods has sued the BOP, an agency of the United States. He has not sued the United States. This is problematic because "[i]t is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). *See also Esquivel-Solis v. United States*, 472 F. App'x 338, 339 (5th Cir. 2012) ("FTCA claims may be brought against only the United States, and not the agencies or employees of the United States."). "Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Galvin*, 860 F.2d at 183. Simply stated, the BOP is the wrong party for an FTCA claim. *See Abbott v. U.S. Bureau of Prisons*, No. 21-CV-03774, 2022 WL 177584, at *1 (W.D. La. Jan. 19, 2022) (the Bureau of Prisons is not a proper defendant to a FTCA claim). I thus recommend that Woods's claims against the BOP be dismissed for lack of subject-matter jurisdiction.

To be fair, Woods, who is acting *pro se*, should be given the opportunity to amend his complaint to add the United States as a party. I will give Woods until Friday, September 9, 2022 to amend the lawsuit to add the United States. If he does so, he should then move promptly to serve the United States. Just so there is no confusion, I note that service on the United States in this case may be accomplished by sending a copy of the summons and amended complaint by registered or certified mail to the United States Attorney's Office for the Southern District of Texas **and** to the Attorney General of the United States. *See* FED. R. CIV. P. 4(i)(1)(A)-(B).

One final matter. BOP has made a limited appearance to move for dismissal for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5) or, alternatively, for lack of jurisdiction for failure to exhaust administrative

remedies under Rule 12(b)(1). *See* Dkt. 24 at 1. Because I have already determined that BOP is not a proper party to this FTCA lawsuit, I recommend that motion be denied as moot.

In sum, I recommend that: (1) BOP be dismissed from this case for lack of subject-matter jurisdiction; and (2) BOP's motion to dismiss (Dkt. 24) be denied as moot. Separately, I give Woods until September 9, 2022 to amend his complaint to add the United States as a named defendant.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have 14 days from receipt to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 22nd day of August 2022.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE